IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CAROL SALLANDER,<br>    Plaintiff,<br><br>v.<br><br>NPG ASSOCIATES, INC.,<br>and BAYVIEW SOLUTIONS LLC,<br>    Defendants. | CASE NO.: 3:25-cv-1048 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Carol Sallander ("Plaintiff"), by and through her undersigned counsel, brings this lawsuit against Defendants NPG Associates, Inc. ("NPG") and Bayview Solutions LLC ("Bayview") (NPG and Bayview collectively referred to as "Defendants") and alleges as follows:

**NATURE OF ACTION**

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the State of California Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), California Civil Code at §§ 1788, et seq.

2. NPG and Martinez are subject to the collection laws of the state of California because both were located in and residents of the state of California at all times relevant hereto and their actions were directed at Plaintiff from their location in California.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

## PARTIES

6. Plaintiff is a natural person, who at all relevant times resided in La Crosse County, Wisconsin, and thus is a "person" as that term is defined by California Civil Code § 1788.2(g).

7. Defendant NPG is a business entity operating from the greater Los Angeles, California area.

8. NPG is not registered to do business in the state of Wisconsin, but it can be served in California via its registered agent, Joshua R. Engle, at 333 City Blvd West 1700, Orange, CA 92868, or as permitted by Wisconsin or California law or the Federal Rules of Civil Procedure.

9. Bayview is a company operating from St. Petersburg, Florida.

10. Bayview can be served in accordance with the Federal Rules of Civil Procedure or the laws of the state of Wisconsin or the laws of the state of Florida.

## FACTUAL ALLEGATIONS

11. Plaintiff was allegedly obligated on a personal loan which allegedly defaulted with an unpaid balance owed to a company doing business as "Check N Go" ("the Account"). The funds from the Account were used to pay for various personal effects, but were not incurred for business or commercial purposes in any way.

12. The Account originated with an entity other than Defendants and went into default prior to being sold to one or more of the Defendants.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and by Cal. Civ. Code § 1788.2(d) and constitutes a "consumer debt" as that term is defined by Cal. Civ. Code §1788.2(f).

15. On information and belief, after the Account allegedly went into default with the original creditor, Bayview purchased the Account for the purpose of collecting the alleged balance, or a portion thereof, from Plaintiff, either directly or indirectly, in order to make a profit.

16. On information and belief, the Account was then placed with NPG for the purpose of NPG communicating directly with Plaintiff in order to collect the Account and make a profit for NPG and Bayview and Martinez.

17. NPG states on its website (www.npgassociates.com/our-services/) (last visited October 8, 2025):

> Our Account Receivable Management Solutions are designed to optimize your financial operations and streamline your cash flow. We take the burden of managing and collecting outstanding receivables off your shoulders, ensuring timely payments and improved financial stability.

18. As will be described below, NPG attempted to collect a defaulted financial obligation from Plaintiff via telephone communications.

19. The principal purpose of NPG is the collection of debts using the mails and telephone and other means.

20. NPG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money,

property or services which are the subject of the transactions are primarily for personal, family or household purposes.

21. NPG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. NPG, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

23. Because NPG engages in "debt collection", NPG is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

24. Bayview advertises on its website (www.bvs-llc.net) (last visited October 8, 2025):

> Our outsourcing service is the perfect solutions for clients with limited manpower or time resources. Acting as an extension of your business, we contact your clients for you. We resolved delinquent accounts quickly to generate the maximum recovery of your receivables.

25. The principal purpose of Bayview is the collection of debts using the mails and telephone and other means.

26. Bayview regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

27. Bayview is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

28. Bayview, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

29. Because Bayview engages in "debt collection", Bayview is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

30. During the one year prior to the date of the filing of this Complaint, NPG and/or representative(s), employee(s) and/or agent(s) of NPG made telephone calls to Plaintiff to collect the Account.

31. In the one year prior to the filing of this Complaint, on multiple occasions, employees and/or agents of NPG called Plaintiff and threatened that NPG would sue her, sell her house and her automobile and garnish her disability check in order to repay the Account if Plaintiff did not immediately make a payment.

32. This threats to sue Plaintiff, sell her house and her automobile and garnish her disability check were all false and misleading and deceptive because on information and belief NPG has never had anyone sued in Wisconsin for failure to repay a debt owed to one of NPG's clients, has never seized anyone's house or automobile to recover any balance owed on any debt and has never garnished anyone's disability check to recover a defaulted consumer financial obligation.

33. On information and belief NPG did not have any attorneys to send the Account to for legal enforcement as implied at the time of the statements.

34. NPG spoke with Plaintiff in a rude and condescending manner.  NPG's treatment of Plaintiff on the phone amounted to harassment.

35. In its first communication with Plaintiff, NPG demanded that Plaintiff make a payment before the expiration of a 30-day period beginning on that day in order to avoid the threatened perils of being sued.

36. This threat to sue her if she did not repay the account before the expiration of a 30-day period beginning on that day overshadowed her right to request validation of the Account or to otherwise dispute the Account.

37. NPG never provided Plaintiff with notice of her rights to dispute the debt or to request validation of the debt as required by 15 U.S.C. § 1692g.

38. In one or more communication with Plaintiff, NPG failed to inform Plaintiff that it was a debt collector, that it was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

39. NPG did not provide Plaintiff with meaningful disclosure of its identity in its communications with Plaintiff.

40. NPG's purpose for the communications with Plaintiff described above was to attempt to collect the accounts.

41. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

42. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

43. The only reason that NPG and/or representative(s), employee(s) and/or agent(s) of NPG made telephone call(s) to Plaintiff was to attempt to collect the Account.

44. The only reason that NPG and/or representative(s), employee(s) and/or agent(s) of NPG had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

45. The only reason that NPG and/or representative(s), employee(s) and/or agent(s) of NPG left message(s) for Plaintiff was to attempt to collect the Account.

46. The conduct of NPG as described above was done knowingly and willfully and purposefully.

47. Bayview knew that NPG repeatedly or continuously engaged in collection practices as described above.

48. Bayview profits from the repeated and continued illegal collection practices of NPG.

49. As a direct and proximate result of the aforesaid actions, Plaintiff suffered actual damages in the form of fear, anxiety, stress, mental anguish, depression and/or distraction from normal life, all or each of which manifested in physical form.

50. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages.

## RESPONDEAT SUPERIOR

51. The representative(s) and/or collector(s) at NPG were employee(s) and/or agent(s) of NPG at all times mentioned herein.

52. The representative(s) and/or collector(s) at NPG were acting within the course and/or scope of their employment at all times mentioned herein.

53. The representative(s) and/or collector(s) at NPG were under the direct supervision and/or control of NPG at all times mentioned herein.

54. The actions of the representative(s) and/or collector(s) at NPG are imputed to their employer, NPG.

55. NPG acted at all times as an agent of Bayview.

56. Bayview was aware of the collection practices used by NPG.

57. The actions of NPG are imputed to Bayview.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

58. The previous paragraphs are incorporated into this Count as if set forth in full.

59. The act(s) and omission(s) of NPG and Bayview and their respective representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(2)&(6) and § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(13) and § 1692g.

60. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from NPG and Bayview.

## COUNT II:  VIOLATIONS OF THE CALIFORNIA CIVIL CODE

61. The previous paragraphs are incorporated into this Count as if set forth in full.

62. The act(s) and omission(s) of NPG and Bayview and their respective representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and § 1788.13(b)&(i)& (j) and § 1788.17.

63. Pursuant to Cal. Civ. Code § 1788.30, Plaintiff seeks damages, reasonable attorney's fees and costs from NPG and Bayview.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)

64. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, NPG and Bayview are liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   NPG and Bayview intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

65. Plaintiff suffered actual damages from NPG and Bayview as a result of their intrusion.

## EXEMPLARY DAMAGES

66. Exemplary damages should be awarded against NPG and Bayview because the harm with respect to which Plaintiffs seek recovery of exemplary damages resulted from malice (which means that there was a specific intent by NPG and Bayview to cause substantial injury or harm to Plaintiffs) and/or gross negligence (which means that the actions and/or

omissions of NPG and Bayview (i) when viewed objectively from the standpoint of NPG and Bayview at the time of the acts and/or omissions, those acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that NPG and Bayview had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

67. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

68. Judgment in favor of Plaintiff and against NPG Associates, Inc. and Bayview Solutions LLC, jointly and severally, as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    e. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c); and

    f. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Jeffrey D. Wood*
Jeffrey D. Wood, Esq.
ArkBN: 2006164
THE WOOD FIRM, PLLC
11610 Pleasant Ridge Rd.
Suite 103, Box 208
Little Rock, AR  72223
TEL:  214-914-8374
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff